UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

*Filed
1-3-12*

| | | |
|---|---|---|
| ARDEN PAWNEELEGGINS, | ) | CIV 11-4135-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DOUGLAS WEBER, Director of | ) | |
| Operations, State Prison South Dakota, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this action under 42 U.S.C. § 1983. Plaintiff alleges that his rights are being violated by defendant due to prison officials' refusal to protect him from another inmate. After review of the file, the Court finds that the complaint should be dismissed without prejudice.

## DISCUSSION

**A.      Screening**

Under 28 U.S.C. § 1915A(b), the Court is required to screen each prisoner case. A case may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A case fails to state a claim "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations . . . .'" Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229,

1

2232, 81 L. Ed. 2d 599 (1984)).  When reviewing a complaint for such an inadequacy, the Court must assume that "the factual allegations in the complaint are true[.]" Neitzke, 490 U.S. at 326, 109 S. Ct. at 1832.

To succeed on a claim pursuant to 42 U.S.C. § 1983, plaintiff must show that he was deprived of a constitutional right by a person acting under the color of state law. See 42 U.S.C. § 1983.  Plaintiff alleges that his constitutional rights were violated when prison officials failed to protect him from another inmate.  Plaintiff alleges that he has been "exposed" to the person he saw rape his sister and that, as a result of those encounters, he has suffered "actual life threatening, death and serious injury, it caused [him] a threat to the physical integrity of [himself] and others."  Plaintiff does not provide any further details regarding the "life threatening" injury which resulted.

"It is well settled that the Eighth Amendment imposes a duty on the part of prison officials '"to protect prisoners from violence at the hands of other prisoners."'" Prater v. Dahm, 89 F.3d 538 (8th Cir. 1996) (quoting Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. ), cert. denied, 488 U.S. 823, 109 S. Ct. 68, 102 L. Ed. 2d 45 (1988))).  "The duty to protect requires only that prison officials 'take reasonable measures to abate substantial risks of serious harm, of which the officials are aware." Prater, 89 F.3d at 541 (quoting Reece, 60 F.3d at 491).  Thus, plaintiff's "pleadings must demonstrate that the prison officials failed to act reasonably despite knowledge of a substantial risk of serious harm to [plaintiff]" Prater, 89 F.3d at 541.

2

As stated previously, during this screening the Court assumes that all factual allegations in the complaint are true. Nonetheless, the Court finds that plaintiff has failed to sufficiently allege a claim upon which he may be granted relief. First, though describing emotional and psychological harm that has resulted from these encounters, plaintiff has not described any particular threat to his safety. Even pro se complaints are required to set forth specific facts supporting its conclusions. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Moreover, plaintiff fails to allege how defendant has been personally involved in the alleged violation of plaintiff's rights. The Eighth Circuit has held that even a pro se plaintiff must allege facts that demonstrate the defendant's personal involvement or direct responsibility for the alleged violations. See Martin, 780 F.2d at 1337-38. Plaintiff has not alleged any facts that would require the Court to hold defendant Weber liable. Furthermore, plaintiff may not hold the warden liable for the acts of his subordinates in a § 1983 action. See id. at 1337. As a result, the Court finds that plaintiff has failed to state a claim upon which relief may be granted.

**B.     *In Forma Pauperis* Status**

Plaintiff also moves the Court to allow him to proceed *in forma pauperis.* It appears from the plaintiff's prison trust account that his current balance is negative $142.91. His average monthly deposits equal $11.29 and his average monthly balance equals negative $73.03. Under the Prison Litigation Reform Act, plaintiff must pay 20 percent of the greater of the average monthly deposits to his prisoner account or the average monthly

balance of the account. <u>See</u> 28 U.S.C. § 1915(b)(1).   Plaintiff, therefore, must pay an initial partial filing fee of $2.26 (20% of $11.29). Accordingly, it is hereby

ORDERED that plaintiff's complaint (Docket #1) is dismissed for failure to state a claim upon which relief may be granted..

IT IS FURTHER ORDERED that plaintiff's motion to proceed *in forma pauperis* (Docket #2) is granted.

IT IS FURTHER ORDERED that plaintiff shall make an initial partial filing fee payment in the amount of $2.26 on or before January 27, 2012.

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10.00, monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

IT IS FURTHER ORDERED that plaintiff remains obligated to pay the filing fee in its entirety.

Dated this 29th day of December, 2011.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE